Filed 3/5/24  M.C. v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| M.C.,<br><br>          Petitioner,<br><br>     v.<br><br>THE SUPERIOR COURT OF SAN JOAQUIN COUNTY,<br><br>          Respondent;<br><br>SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY et al.,<br><br>          Real Parties in Interest. | C099444<br><br>(Super. Ct. No. STK-JD-DP-2020-0000422) |

Petitioner M.C., mother of the dependent minor A.C. (minor),[1] seeks an extraordinary writ to vacate orders of respondent juvenile court terminating her

---

[1]     Minor's three siblings were also subjects of the dependency but are not parties to this writ proceeding.

reunification services and setting a hearing pursuant to Welfare and Institutions Code section 366.26.[2]  (Cal. Rules of Court, rule 8.452.)[3]  Petitioner contends that the inquiry made by respondent juvenile court and the San Joaquin County Human Services Agency (Agency) into minor's potential Indian heritage was insufficient and failed to comply with the Indian Child Welfare Act of 1978 (ICWA).  (25 U.S.C. § 1901 et seq.)  We issued a stay of the section 366.26 hearing in the respondent juvenile court pending resolution of this writ petition and shall now issue a preemptory writ of mandate directing the respondent juvenile court to vacate the ICWA findings and conduct further proceedings to determine whether the ICWA inquiry and notice requirements have been met.

We dispense with a detailed recitation of the underlying facts as they are unnecessary to our resolution of the issues.  Instead, we discuss the relevant facts where necessary in our discussion of the issues.

DISCUSSION

Petitioner contends further inquiry of relatives and extended family members regarding minor's potential Indian heritage is necessary to meet the requirements of the ICWA.  We agree.

This dependency proceeding commenced in Los Angeles County in 2014.  At that time, the Los Angeles Department of Children and Family Services (DCFS) social worker completed Indian child inquiry forms (ICWA-010) indicating minor had no known Indian ancestry.  At the February 7, 2014, detention hearing, petitioner and minor's father F.C. (father) provided the court with parental notification of Indian status

---

[2]      Undesignated statutory references are to the Welfare and Institutions Code.

[3]      Undesignated rule references are to the California Rules of Court.

2

forms (ICWA-020) indicating they had no known Indian heritage. Based on the parents' representations, the Los Angeles County Superior Court found the ICWA did not apply.

The March 2014 jurisdiction/disposition report filed by DCFS reflected that both parents denied any Indian ancestry and reiterated the court's prior finding of ICWA inapplicability. Petitioner reported her mother (the maternal grandmother) died when she was young, and she did not know the identity of her father (the maternal grandfather). Petitioner also reported she was raised by the maternal great-grandmother and had no known siblings. Father was reportedly in contact with his parents (the paternal grandparents), who were not married but were both still alive. Father reported that when the paternal grandmother lost custody of him as a young child, he went to live with various relatives and then later with the paternal grandfather. Father reported he had 12 siblings, with only a few of whom he had contact. In a subsequent report, DCFS identified two relatives: maternal great-aunt A.G. and paternal aunt M.M., with whom minor and siblings were eventually placed. The record is devoid of any evidence that DCFS attempted to locate additional relatives of the parents or inquired of the relatives it had already identified, raising concern as to whether petitioner's and father's claims of no Indian ancestry were fully informed.

In October 2020, the Los Angeles County Superior Court issued orders to transfer the dependency matter to San Joaquin County. The transfer-out orders noted the 2014 finding that ICWA did not apply. By the time the case was transferred to respondent juvenile court, the Legislature had made substantial amendments to several sections of the Welfare and Institutions Code related to the ICWA, effective January 1, 2019. (Assem. Bill No. 3176 (2017-2018 Reg. Sess.); *In re M.W.* (2020) 49 Cal.App.5th 1034, 1043.) Prior to the January 2019 amendments, the juvenile court and the agency had an affirmative duty to inquire at the outset of the proceedings whether a child who is subject to the proceedings is, or may be, an Indian child. (Former rule 5.481(a); former § 224.3, subd. (a).) The January 2019 amendments increased the agency's duty to look beyond

3

the parents and interview extended family members, if known, concerning a minor's tribal membership status or eligibility. (§ 224.2, subds. (a) & (c); rule 5.481(a)(4).) It does not appear that DCFS fulfilled those requirements after the January 2019 amendments but prior to transfer of the case.

Once the case was transferred to San Joaquin County, the Agency's reports reiterated that there was no reason to believe minor was an Indian child and referenced the Los Angeles County Superior Court's 2014 finding. Yet, the Agency was aware of two paternal relatives as evidenced by its February 2021 report stating father was living with the paternal grandmother in Washington, and minor was still living with the paternal aunt. The record does not suggest any inquiry of these relatives regarding application of the ICWA.

In August 2022, respondent juvenile court set a section 366.26 hearing with respect to minor's sibling R.C., with whom minor shares both parents. At the December 2022 section 366.26 hearing, the court found the ICWA did not apply. Petitioner filed a petition for extraordinary writ in sibling R.C.'s case raising the issue of insufficient ICWA inquiry. In March 2023, in an unpublished opinion, this court issued a peremptory writ of mandate directing the juvenile court to vacate its finding that the ICWA inquiry and notice provisions were satisfied and that the ICWA does not apply, ordered the Agency to conduct further inquiry regarding petitioner's and father's ancestry and make reasonable efforts to inquire of the parents' relatives, and enter updated ICWA findings prior to proceeding with the section 366.26 hearing.

The Agency's June 2023 selection and implementation report reiterated the Los Angeles County Superior Court's 2014 finding that the ICWA does not apply and noted father's 2022 denial of Indian heritage. The Agency reported it acquired a "Lexus Nexus" [*sic*] report that provided contact information for possible relatives of petitioner and mailed ICWA-020 forms to those individuals, including a person named S.C. The only response received by the Agency was from S.C., who stated he did not have any

4

Indian ancestry. However, petitioner confirmed S.C. was not a family member. While petitioner initially failed to answer ICWA inquiry, refused to sign an ICWA-020, and did not provide any information to further the Agency's investigation, upon further inquiry she stated she did not have any Indian ancestry on her mother's side as her parents and grandparents were of Hispanic descent and were from Mexico. Petitioner stated she did not have any information about her birth father or any of her paternal relatives. Petitioner completed an ICWA-020 form stating, "Unknown unable to answer. Don't know who my father is."

The July 2023 status review report reflected no new ICWA inquiry by the Agency and stated there was no reason to believe minor was an Indian child. Thereafter, respondent juvenile court set a section 366.26 hearing as to minor. Petitioner filed the instant petition for extraordinary writ again raising the issue of insufficient ICWA inquiry.

Petitioner does not claim prejudicial error stemming from inquiry, or lack thereof, of any maternal extended family members. Instead, she claims the Agency had access to paternal relatives, including the paternal grandparents, paternal aunts, and paternal cousins, as well as minor's adult siblings, and either did not inquire of those individuals regarding Indian ancestry or did inquire but did not document such efforts. The Agency asserts there was no error because father denied Indian ancestry, petitioner denied Indian ancestry on her mother's side but did not know the identity of her father, and the search via "Lexus-Nexus" produced a report with contact information for possible maternal relatives who either were not actual relatives or who did not respond to ICWA-020 forms sent by the Agency. We do not agree.

The Agency was aware of the existence and/or identity of several paternal relatives, namely the paternal grandfather, the paternal grandmother, and father's 12 siblings, including paternal aunt M.M. with whom minor was placed for a time. The juvenile court and the social services department have an affirmative and continuing duty, beginning at initial contact and *continuing throughout the pendency of the proceedings*, to

5

inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Rule 5.481(a); § 224.2, subd. (a).)  It does not appear the Agency made any attempt to locate or speak with any of the known paternal relatives.  While father denied Indian ancestry, he was not raised by his parents and may not have been fully informed as to his family's ancestry.  It was therefore crucial to obtain information from other paternal relatives to determine whether minor was an Indian child.

Recently, the California Supreme Court granted review in *In re Dezi C.* and we anticipate further clarification on this issue.  (*In re Dezi C.* (2022) 79 Cal.App.5th 769, 779-782, review granted Sept. 21, 2022, S275578.)  Until such time, we must apply the analytical framework set forth by the California Supreme Court in *In re A.R.* for assessing harm and conclude the failure to make any ICWA inquiry of other accessible paternal relatives was not harmless.  (*In re A.R.* (2021) 11 Cal.5th 234, 252-254.)  Father may not have had the usual access to family lineage information, and the intent underlying the ICWA and related California law is to protect third party rights.  Accordingly, we must grant the petition to assure compliance with the ICWA.

DISPOSITION

Let a peremptory writ of mandate issue directing respondent juvenile court to (1) vacate the finding that the ICWA inquiry and notice provisions were satisfied and that the ICWA does not apply, and (2) order the Agency to conduct further inquiry, including of available paternal relatives, and provide any new information to the relevant tribes, as necessary. The respondent juvenile court is then directed to enter updated ICWA findings prior to proceeding with a section 366.26 hearing. Having served its purpose, the stay previously issued by this court on December 11, 2023, is vacated. This decision is final forthwith as to this court. (Rule 8.490(b)(2)(A).)

<table>
<tr><td></td><td>/s/</td></tr>
</table>

                                                        /s/

                                                       EARL, P.J.

We concur:

   /s/

DUARTE, J.

   /s/

MESIWALA, J.

7